359 P.2d 911

Leo I. TANNEHILL, Plaintiff and Appellant,

v.

Lewis N. TERRY, Defendant and Respondent.

No. 9154.

Supreme Court of Utah.

March 3, 1961.

Rawlings, Wallace, Roberts & Black, Salt Lake City, for appellant.

Hurd, Bayle & Hurd, Wallace R. Lauchnor, Salt Lake City, for respondent.

McDONOUGH, Justice.

Plaintiff Tannehill brought this appeal from a jury verdict, and judgment on the verdict, of no cause of action in his suit against defendant Terry for damages caused when plaintiff was struck in the head by a golf club that was swung by defendant. The issue raised in this appeal is whether or not the trial court erred in submitting assumption of risk to the jury.

Plaintiff and his wife went to defendant's home Sunday, May 4, 1958, to visit. While there defendant invited plaintiff to knock some golf balls with defendant's new golf clubs. Defendant had just started to learn to play golf. Plaintiff did not play golf and was only familiar with the way a person strikes at the ball with a golf club.

They went out behind defendant's home where he put down a mat on the lawn. Defendant knocked a plastic, practice ball from the mat, and then asked plaintiff if he would like to hit the ball. Plaintiff took the club and prepared to hit the ball when defendant stopped him. Defendant took the club and told plaintiff to stand off to the left and watch him as he explained how to hold the club. Then according to defendant's testimony he said: "Leo (plaintiff), will you get out of the way, I am going to hit the ball." Without further observing where plaintiff was, defendant swung. In the follow-through stroke the club struck plaintiff in the face, to the left of the nose, seriously injuring his sinus, and his face. Plaintiff fell backward onto the stairs leading into the house, causing some injury to his back.

Subsequently plaintiff brought suit against defendant, and the jury returned a verdict of no cause of action. Plaintiff alleges that the court erred in giving the following instruction to the jury:

"One is said to assume a risk when he voluntarily assents to dangerous conduct and voluntarily exposes himself to that danger, or when he knows, or in the exercise of ordinary care should know, that a danger exists in the conduct of another, and voluntarily places himself, or remains, in a position of danger. One who has thus assumed the risk is not entitled to recover for damages caused to him without intention, and which results from the dangerous condition or conduct to which he thus exposed himself."

■ ■ Under the facts presented here this abstract instruction amounted to no

more than an instruction on contributory negligence. It asserts that plaintiff assumes the risk if he voluntarily exposes himself to danger or when he knows or in the exercise of ordinary care should know that a danger exists in the conduct of another. In light of the specific instructions of the court as to the conduct of the parties, the instruction on assumption of risk could not have misled the jury.

The court instructed the jury:

"If you find from a preponderance of the evidence that defendant swung the golf club either without giving a proper warning or at a time when plaintiff was in a position where he might get hit or without keeping a proper lookout to see if the club could be swung in safety and that defendant's conduct in either one or all of such particulars constituted negligence then you should find that defendant was negligent and if you further find from a preponderance of the evidence that such negligence proximately caused injuries to plaintiff, then you should return a verdict in favor of plaintiff and against defendant and award to plaintiff damages as in these instructions set forth unless you further find by a preponderance of the evidence that plaintiff was guilty of negligence which proximately caused his own injuries."

In another instruction the court advised as follows:

"A person has a right to assume that another person is possessed of normal faculties of sight and hearing and that he will use them in exercising ordinary care for their [sic] own safety and the safety of others, and he has the right to rely on that assumption unless, in the exercise of due care, he observes or should observe something to warn him to the contrary.

"In this connection you are instructed that plaintiff unless he was warned orally or unless he observed or should have observed something to warn to the contrary, was entitled to rely upon the assumption that defendant would not swing the golf club while plaintiff was in a position where it would hit him.

"Such an assumption would not, however, justify the plaintiff in placing himself within the arc of the defendant's swing if he knew or should have known defendant was going to swing."

In light of the foregoing instructions, giving the quoted instruction was not prejudicial. The judgment of the trial court is affirmed. Costs to respondent.

WADE, C. J., and HENRIOD, CALLISTER and CROCKETT, JJ., concur.